IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>GRK FRESH HOLDINGS LLC;<br>GRK PAS LLC;<br>GRK 8TH STREET LLC;<br>FULTON QUALITY FOODS LLC; and<br>GRK 451 LEXINGTON AVE LLC, all<br>d/b/a GRK FRESH GREEK,<br><br>　　Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Madison Binaso and other similarly aggrieved individuals who were adversely affected by such practices. As alleged with greater particularity in paragraphs 17-26 below, the Equal Employment Opportunity Commission alleges that Defendants violated Title VII by subjecting Charging Party and other female employees at Defendants' GRK Fresh Greek restaurants in New York to a hostile work environment based on their sex. That hostile work environment includes Defendants' District Manager, Philip Corhan, making sexual comments, touching employees' breasts and backsides, massaging employees' shoulders, and grinding into employees with his crotch. The Commission further alleges that the

hostile work environment was so intolerable that Charging Party and other female employees were constructively discharged.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant GRK Fresh Holdings LLC, a Delaware company, has continuously been doing business in the State and City of New York.

5. At all relevant times, Defendant GRK Fresh Holdings LLC has owned four restaurants in New York City operating under the "GRK Fresh Greek" name: Defendants GRK PAS LLC; GRK 8th Street LLC; Fulton Quality Foods LLC; and GRK 451 Lexington Ave LLC (collectively with Defendant GRK Fresh Holdings LLC, "Defendants"). All Defendants have been doing business as GRK Fresh Greek.

6.   Through its ownership of the other Defendants, Defendant GRK Fresh Holdings LLC has continuously had at least 15 employees at all relevant times.

7.   At all relevant times, Defendants GRK PAS LLC, GRK 8th Street LLC, Fulton Quality Foods LLC, and GRK 451 Lexington Ave LLC have been New York companies continuously doing business in the State and City of New York and have continuously each had at least 15 employees.

8.   At all relevant times, Defendants have operated as an integrated enterprise or single employer by virtue of their common management, the interrelationship of their operations, the centralized control over their employees, and their common ownership.

9.   At all relevant times, Defendants have operated as an integrated enterprise or single employer with other entities that own restaurants operating under the name GRK Fresh Greek in Washington D.C., Dubai, and Qatar, by virtue of their common management (including a shared Director of Operations), the interrelationship of their operations, the centralized control over their employees, and their common ownership.

10.   At all relevant times, Defendants have been employers engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

11.   More than thirty days prior to the institution of this lawsuit, Charging Party Madison Binaso filed a charge of discrimination with the Commission alleging violations of Title VII by Defendants.

12.   On March 7, 2019, the Commission issued a Letter of Determination to Defendants notifying Defendants that the Commission found reasonable cause to believe that

Defendants violated Title VII and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the unlawful employment practices described in the Letter of Determination.

14. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

15. On April 16, 2019, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

17. Since at least May 9, 2017, Defendants have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Charging Party and other aggrieved female employees to a hostile work environment based on sex.

18. Since at least 2015, Philip Corhan has been a District Manager responsible for all of Defendants' New York restaurants.

19. Charging Party began working for Defendants as a General Manager in charge of Defendants' 8th Street restaurant in September 2017.

20. Charging Party trained for a few weeks at Defendants' Park Avenue restaurant before assuming management of Defendants' 8th Street restaurant.

21. Corhan has subjected Charging Party and other aggrieved female employees to unwelcome conduct and comments of a sexual nature, including, but not limited to:

   a. Kissing female employees on the cheeks near their lips;

   b. Pressing up against, grinding into, or brushing female employees with his crotch;

   c. Touching female employees' breasts, backsides, arms, and lower backs;

   d. Massaging female employees' shoulders;

   e. Hugging female employees and/or picking them up;

   f. Placing his head on female employees' breasts;

   g. Making comments about the attractiveness of Charging Party's mother and his desire to have sex with Charging Party's mother;

   h. Calling female employees "baby" and "beautiful";

   i. Telling Charging Party that she would make a successful stripper;

   j. Describing the tattoo near his genitals while patting his thigh;

   k. Commenting on the dress and physical appearance of female employees, including their supposed need to lose weight or wear tighter clothing;

   l. Using the word "bitch" to describe female employees;

   m. Discussing his own sex life; and

   n. Asking employees about, or commenting on, their sex lives or sexual preferences.

22. Charging Party and other aggrieved female employees repeatedly complained to Corhan and objected to his harassment, but he usually responded by laughing and continuing to harass them.

23. To the extent Defendants have an anti-harassment and reporting policy, Defendants have not distributed that policy to Charging Party and other employees and have not made that policy otherwise available.

24. Corhan is supervised by Defendants' Director of Operations.

    a. The Director of Operations made sexist and racist comments in front of employees.

    b. The Director of Operations and Corhan often ogled female customers when they were together.

    c. The Director of Operations was close friends with Corhan.

    d. The Director of Operations and Corhan frequently yelled and cursed at employees.

25. Employees complained to multiple managers about Corhan's harassment, including a shift manager at Defendants' Park Avenue restaurant, but the harassment continued.

26. Defendants constructively discharged Charging Party and other aggrieved female employees by creating and maintaining an intolerable hostile work environment on the basis of sex in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

    a. For example, in or around February 2018, Charging Party resigned because of Corhan's intolerable and unremedied harassment.

    b. As another example, in or around February 2018, a kitchen worker resigned because of Corhan's intolerable and unremedied harassment, and because Corhan reduced her hours in response to her opposition to that conduct.

27.     The effect of the practices complained of in paragraphs 17 to 26 above has been to deprive Charging Party and other aggrieved female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

28.     The unlawful employment practices complained of in paragraphs 17 to 26 above were and are intentional.

29.     The unlawful employment practices complained of in paragraphs 17 to 26 above were and are done with malice or with reckless indifference to the federally protected rights of Charging Party and other aggrieved female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Issue a permanent injunction enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with Defendants, from engaging in unlawful employment practices that discriminate on the basis of sex, including harassment and the creation of a hostile work environment based on sex in violation of 42 U.S.C. § 2000e.

B.      Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for female employees and that eradicate the effects of Defendants' past and present unlawful employment practices.

C.      Order Defendants to make whole Charging Party and other similarly aggrieved individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices.

     D.     Order Defendants to make whole Charging Party and other similarly aggrieved individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 17 to 26 above, in amounts to be determined at trial.

     E.     Order Defendants to make whole Charging Party and other similarly aggrieved individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs 17 to 26 above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

     F.     Order Defendants to pay Charging Party and other similarly aggrieved individuals punitive damages for their malicious and reckless conduct, as described in paragraphs 17 to 26 above, in amounts to be determined at trial.

     G.     Grant such further relief as the Court deems necessary and proper in the public interest.

     H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: May 20, 2019
New York, New York

                                                   Respectfully submitted,

                                                   JAMES L. LEE
                                                 Deputy General Counsel

                                                 GWENDOLYN YOUNG REAMS
                                                 Associate General Counsel

                                                 U.S. EQUAL EMPLOYMENT
                                               OPPORTUNITY COMMISSION

131 M Street, N.E.
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

NORA CURTIN
Supervisory Trial Attorney
nora.curtin@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004

  /s/ Daniel Seltzer
Daniel Seltzer
Trial Attorney
Equal Employment Opportunity
Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
Tel: 212-336-3701
Fax: 212-336-3623
Email: daniel.seltzer@eeoc.gov