IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>GRK FRESH HOLDINGS LLC;<br>GRK PAS LLC;<br>GRK 8TH STREET LLC;<br>FULTON QUALITY FOODS LLC; and<br>GRK 451 LEXINGTON AVE LLC, all<br>d/b/a GRK FRESH GREEK,<br><br>    Defendants. | Case No. 1:19-cv-04614 |

## CONSENT DECREE

This action was filed on May 20, 2019, by Plaintiff Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, to correct employment practices made unlawful by Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and to provide appropriate relief to employees who were harmed by such practices. Specifically, EEOC alleged that Defendants' former District Manager, Philip Corhan, subjected Charging Party Madison Binaso and other female employees at Defendants' GRK Fresh Greek restaurants in New York to a hostile work environment based on their sex, including sexual harassment. EEOC further alleged that the hostile work environment was so intolerable that Charging Party and other female employees were constructively discharged.

Defendants specifically assert that by entering into this Consent Decree, they make no admission of liability or wrongdoing, and make no admission that their conduct was improper,

1



discriminating or illegal in any respect. In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed, and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## GENERAL PROVISIONS

1. EEOC and Defendants GRK Fresh Holdings LLC; GRK PAS LLC; GRK 8th Street LLC; Fulton Quality Foods LLC; and GRK 451 Lexington Ave LLC (collectively, "Defendants") desire to settle this action, and therefore do hereby stipulate and consent to entry of this Decree as final and binding between the parties.

2. The Decree resolves all issues that were raised in EEOC's Complaint and EEOC Charge of Discrimination number 525-2018-02358 (the "Charge"), which served as the jurisdictional prerequisite in this case. Those issues included Title VII claims of sex-based harassment and constructive discharge against a class of female employees. This Decree in no way affects EEOC's right to process any pending or future charges that may have been or will be filed against Defendants, and to commence civil actions on any such charges.

3. EEOC and Defendants agree that this Court has jurisdiction over the subject matter of this litigation and the parties, that venue is proper, and that all administrative prerequisites have been met.

4. No party will contest the validity of this Decree or the jurisdiction of the Court to enforce this Decree and its terms.

5. The terms of this Decree represent the full and complete agreement of the parties. The parties agree that this Decree may be entered without Findings of Fact and Conclusions of Law being made and entered by the Court.

6. At least fifteen days before Defendants engage in any transfer of their business or assets, they must provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of their business or assets, and to any potential successors, assigns, or affiliates, including any entity with which Defendants may merge or consolidate.

7. Defendants will provide written notice to EEOC ten days before any transfer or sale of their business or assets. In the event of any transfer, the terms of this Decree will apply to the purchaser/transferee.

8. By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

9. If one or more provisions of this Decree are rendered unlawful, unenforceable, or incapable of performance as a result of a legislative act or a decision by a court of competent jurisdiction, the provisions of this Decree that are not rendered unlawful, unenforceable, or incapable of performance will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful unenforceable, or incapable of performance, except to the extent that the intent of this Decree would be undermined.

10. A breach of any term of this Decree by Defendants will be deemed a material and substantive breach of this Decree. Nothing in this Decree will be construed to preclude EEOC from bringing proceedings to enforce this Decree if Defendants fails to perform any of the terms contained herein. This Decree will be construed by this Court under applicable federal law.

11. All notifications, reports, and communications to the parties required under this Decree will be made in writing and will be sufficient if emailed to the following persons (or their designated successors):

For EEOC:

Daniel Seltzer
Trial Attorney
Equal Employment Opportunity Commission
New York District Office
daniel.seltzer@eeoc.gov

and decreemonitor.nydo@eeoc.gov

For Defendants:

Phillip Macris
GRK Fresh Holdings LLC
phillip.macris@grkfresh.com

and

Jason Habinsky
Haynes and Boone, LLP
Jason.Habinsky@haynesboone.com

12. Any party may change its email address by written notice to the other parties setting forth a new address for this purpose.

13. Days refers to calendar days.

14. The entry date of this Decree will be the date it is docketed by the Clerk of the Court after it is signed by and/or receives approval from the Court.

15. For purposes of this Decree, the "Reopening" is defined as 21 days after the earlier of either: (1) the first day that the Governor of New York's Executive Order 202.8 and its extensions allow Defendants to operate with 60% or more of their in-person non-takeout and non-delivery workforce; or (2) Defendants resume any in-person dining operations at one or

*pm*

more of their restaurants. Defendants will notify EEOC within seven days of resuming in-person dining operations at any of their restaurants.

## INJUNCTIVE RELIEF

### Injunctions

16. Defendants, their managers, officers, agents, and any other person or entity acting on behalf of Defendants, are hereby enjoined from subjecting any employee to a hostile work environment based on sex. This includes, but is not limited to, permitting, engaging in, or failing to prevent the use of: sexist or unwelcome sexual language; unwelcome touching, grinding, or groping; and unwelcome sexual advances or comments about physical appearance, sexual desirability, or sexual activity.

17. Defendants, their managers, officers, agents and any other person or entity acting on behalf of Defendants, are hereby enjoined from retaliating against any employee, including but not limited to an employee who complains of discrimination, who opposes practices she considers to be unlawfully discriminatory, who participates in protected activity, and/or who provides information related to complaints of discrimination.

### Postings

18. On the Reopening, Defendants will conspicuously post and maintain a "Notice of Lawsuit and Resolution" in all prominent places where employee notices are posted at each of Defendants' reopened New York locations. A copy of the Notice of Resolution is attached as Exhibit A to this Decree. Within seven days of posting, Defendants will provide a picture and certify in writing to EEOC that they have posted the Notices of Resolution.

### Revised Anti-Discrimination Policy

*pm*

19. Within twenty-one days of the Reopening, Defendants will distribute (in hard and/or electronic copy) a revised anti-discrimination policy (the "Policy") to each employee. Each employee must be given a copy of the Policy to keep. The Policy will be submitted to the EEOC for its review and approval at least fourteen days prior to distribution. The Policy will include:

   a. multiple avenues for employees to make complaints, including Phillip Macris and Konstantina Alexi;

   b. accurate names, phone numbers, addresses, and email addresses for each person to whom employees may make complaints;

   c. an investigation procedure following an employee's complaint of discrimination, harassment, or retaliation; a prompt, thorough, and effective investigation, including interviewing complainant and all witnesses, and obtaining and reviewing all material documents identified by the complainant or respondent to the extent necessary to reach a reasonable conclusion concerning the allegations;

   d. a requirement that an investigation be thoroughly documented in written form;

   e. the identification to the complainant of the individual(s) who will be conducting the investigation;

   f. a requirement that the complainant be informed of the outcome of the investigation;

   g. Instructions for how to file a charge of discrimination with EEOC and state and local agencies.

*pm*

20. The Policy will be distributed with a cover letter signed by Defendant's Executive Director, outlining the Policy and affirming Defendants' commitment to maintaining a respectful work environment that is free of harassment, other discrimination, or retaliation. A copy of the cover letter will be submitted to the EEOC for its review and approval at least seven days prior to distribution.

21. Following the Reopening, Defendants will provide all new employees with copies of the updated Policy and cover letter within seven days of the commencement of their employment.

22. If at any point the names, phone numbers, addresses, or email addresses of the person to whom employees may make complaints changes, Defendants will revise the Policy and distribute that revised Policy to all employees within seven days of making that change.

23. Defendants may not modify the sexual harassment portion of the Policy (including the contact revisions discussed above) without EEOC approval.

24. Within thirty days of the Reopening, and on an annual basis within thirty days of the anniversary of the Reopening thereafter, Defendants will certify in writing to EEOC that they have distributed the Policy and cover letter to all employees in accordance with the above terms.

Training

25. Within forty days of the Reopening, Defendants will have an outside training provider provide Phillip Macris and Konstantina Alexi with at least four hours of live, in-person training regarding the proper handling and investigation of complaints of harassment, other discrimination, and retaliation; as well as best practices for preventing harassment, other discrimination, and retaliation. Defendant will submit the provider and training materials to the EEOC for approval at least fourteen days before the training. If at the time the training is to be

*pm*

provided the parties agree that providing the training in-person would not be in the best interests of the health and safety of Defendants' employees, the training need not be provided in-person.

26. Within thirty days of the Reopening, and on an annual basis within thirty days of the anniversary of entry of the Reopening thereafter, Defendants will have an outside training provider provide all officers, executives, managers, supervisors, and human resources personnel with at least two hours of live, interactive, in-person training regarding creating and maintaining a respectful workplace and laws prohibiting employment discrimination. The training must also cover Defendants' revised Policy with emphasis on the complaint, investigation, and remediation processes; and an employee's right to file a charge of discrimination with EEOC and state or local agencies. If at the time the training is to be provided the parties agree that providing the training in-person would not be in the best interests of the health and safety of Defendants' employees, the training need not be provided in-person

27. Within thirty days of entry of the Reopening, and on an annual basis within thirty days of the anniversary of entry of the Reopening thereafter, Defendants will have an outside training provider provide all non-supervisory employees with at least one hour of interactive training on maintaining a respectful workplace and employee's rights under antidiscrimination laws. The training must also cover Defendants' revised Policy with emphasis on the complaint, investigation, and remediation processes; and an employee's right to file a charge of discrimination with EEOC and state or local agencies. Defendant will submit the provider and training materials to EEOC for approval at least fourteen days before the training.

28. Following the Reopening, within thirty days of any new employee hire or manager promotion or hire, he or she will be provided by an outside training provider with the applicable training described above, although the training need not be provided live or in-person.



Defendant will submit the provider and training materials to EEOC for approval at least fourteen days before the first training.

### No-rehire of Philip Corhan

29. Defendants will not rehire, retain, or employ Philip Corhan in any capacity for the duration of the Decree.

### Monitoring and Reporting

30. EEOC may monitor Defendants' compliance with this Decree through the inspection of Defendants' premises and records, and through interviews with Defendants' officers, agents, employees, and contractors. Defendants will make available for inspection and copying any records related to this Decree upon request by EEOC.

31. Defendants will, within fourteen days of the receipt of any complaint (formal or informal, written or oral, internal or external) of sexual harassment, notify EEOC and provide the name, home address, telephone number, and email address of the complainant; the name of the alleged harasser or discriminator; the name, home address, telephone number, email address of any witnesses; a summary of the complaint, a list of each step taken by during the investigation; the results of the investigation of the complaint; any documents created or obtained in relation to the complaint or investigation, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications; and a description of any remedial action taken by Defendants.

32. Defendants agrees to maintain such records as are necessary to demonstrate their compliance with this Decree and 29 C.F.R. §1602 *et seq.* and to verify that the reports submitted pursuant to this Decree are accurate.

**MONETARY RELIEF**

*pm*

33.   Considering Defendants' ongoing financial difficulties, the COVID-19 pandemic, the Governor of New York's Executive Order 202.8 reducing the in-person workforce of non-essential businesses by 100%, and the effect of that order on Defendants' operations, the parties agree to the following monetary relief. Defendants will pay the total gross sum of $32,000 in monetary damages to Charging Party Binaso and a class of aggrieved female employees (collectively with Binaso, "the Claimants"), in amounts designated by the EEOC.

   a. $7,000 will be paid no later than 30 days after Entry of the Decree.

   b. $5,000 will be paid no later than 30 days after the Reopening.

   c. $20,000 will be paid no later than 270 days after the Reopening.

   d. The $32,000 will be apportioned between compensatory damages and backpay at EEOC's sole discretion.

   e. Attached as Exhibit B to this Decree is a list of Defendants' payments to specific Claimants, the apportionment between compensatory damages and backpay, and the dates those payments are to be made. Defendants may not challenge any part of Exhibit B.

   f. Within twenty-one (21) days of entry of entry of the Decree, EEOC will email Defendants the addresses to which each check must be mailed via certified or other trackable mail by Defendant.

   g. Within twenty-one (21) days of entry of the Decree, EEOC will email Defendants signed releases from Claimants receiving a payment under the Decree. Those releases will take the form of Exhibit C.

   h. Defendants will send checks for compensatory damages and IRS FORMS 1099 via certified or other trackable mail to the Claimants. A copy of the

*pm*

check and IRS FORM 1099 will be provided to EEOC immediately upon their issuance.

    i. For backpay checks, Defendants will make all required withholdings from the back-wages portion for applicable federal, state, and local income taxes and the employee share of federal payroll taxes. Defendants will be responsible for (and may not deduct from this payment) any tax obligation Defendants incur from of these payments, including the employer's share of federal payroll taxes. A copy of the check and FORM W-2 will be provided to EEOC immediately upon their issuance.

34. If any portion of the payment due under this Decree to any Claimant is not issued and mailed in full within the period required, then for each additional day that it remains unpaid Defendants must pay $50 to that Claimant.

## MISCELLANEOUS PROVISIONS

35. The parties will bear their own expenses, attorneys' fees, and costs.

36. When this Decree requires a certification by Defendants of any fact(s), such certification must be made under oath or penalty of perjury by an officer or management employee of Defendants.

## DURATION OF THE DECREE

37. This Decree will remain in effect for three years from entry. The Decree will not expire against any signatory while any enforcement action is pending against that signatory.

38. If EEOC has notified Defendants in writing not less than fourteen days in advance of the expiration of this Decree that Defendants is not in compliance with any sections of this

Decree. Defendants' obligations under this Decree will remain in effect until EEOC determines that Defendants are in compliance.

39. The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein. Upon signature and approval by the Court, the matter may be administratively closed but will not be dismissed.

## SIGNATURES

40. Each signatory to this Decree represents that each is fully authorized to execute this Decree and to bind the parties on whose behalf each signs.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

*/s/ Jeffrey Burstein*

Jeffrey Burstein
Regional Attorney

Nora E. Curtin
Supervisory Trial Attorney

Daniel Seltzer
Trial Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, New York, 10004

Dated: 06/08/20, 2020

DEFENDANTS

*/s/ P. Macris*

Phillip Macris
Executive Director
GRK Fresh Holdings LLC

Dated: June 5, 2020

SO ORDERED this _____ day of _____, 2020.


_____
The Honorable Loretta Preska
United States District Judge

**EXHIBIT A**



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor<br>
New York, NY  10004-2112<br>
(212) 336-3620<br>
TTY (212) 336-3622<br>
General FAX (212) 336-3625

# NOTICE TO ALL EMPLOYEES
# OF LAWSUIT & SETTLEMENT

This Notice is being posted pursuant to a Consent Decree entered in resolution of a lawsuit brought by the Equal Employment Opportunity Commission ("EEOC") against GRK Fresh Greek in federal court in New York, New York.  In its lawsuit, EEOC alleged that GRK Fresh Greek subjected employees to a hostile work environment based on sex. The alleged hostile environment included sexual harassment. The Commission further alleges that the hostile work environment was so intolerable that some female employees were compelled to resign.  GRK Fresh Greek makes no admission of liability or wrongdoing, and makes no admission that their conduct was improper, discriminating or illegal in any respect.

Federal law prohibits employers from discriminating against applicants and employees based on national origin, religion, race, color, sex, age, disability, or genetic information.  Defendants, and their managers, officers, and agents, will support and comply with Federal law prohibiting discrimination and retaliation against any employee or applicant for employment.

Pursuant to the Consent Decree, Defendants:

1. Are enjoined from engaging in harassment or other discrimination based on sex and from retaliating against any person who exercises his or her rights under federal anti-discrimination laws;

2. Have updated their written anti-discrimination policy to provide various reporting options and other protections, and to require that all instances of harassment, discrimination, and retaliation be fully investigated and remedied;

3. Will not rehire or employ Philip Corhan;

4. Will provide all current and future managers and employees with training on respect in the workplace and federal laws prohibiting employment discrimination;

5. Will permit EEOC to monitor compliance with the Consent Decree;

6. Will report to EEOC regarding complaints of discrimination;

7. Have posted and distributed this Notice and a notice required by law; and

8. Will pay $32,000 in money damages to employees who were subject to harassment

Should you have any complaints or questions regarding employment discrimination, contact the EEOC at:

> Equal Employment Opportunity Commission
> (800) 669-4000
> Website: www.eeoc.gov

Dated:_____

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

This Notice must remain posted for three (3) years from the date shown above and must not be altered, defaced, or covered by any other material. Any questions concerning this Notice or compliance with its provisions may be directed to the Equal Employment Opportunity Commission at the number listed above.

## Exhibit B

### Schedule of Payments to Claimants

| Date | Recipient | Amount | W2 or 1099 |
|---|---|---|---|
| 30 days after Entry of Decree (As defined in ¶14 of Decree) | Madison Binaso | $3,500 | 1099 |
| 30 days after Entry of Decree | Evelyn Greene | $3,500 | 1099 |
|  |  |  |  |
| 30 days after the Reopening (As defined in ¶15 of the Decree) | Madison Binaso | $2,000 | W2 |
| 30 days after the Reopening | Evelyn Greene | $2,000 | 1099 |
| 30 days after the Reopening | Nubia Tate | $1,000 | 1099 |
|  |  |  |  |
| 270 days after the Reopening | Madison Binaso | $9,500 | 1099 |
| 270 days after the Reopening | Evelyn Greene | $8,500 | 1099 |
| 270 days after the Reopening | Evelyn Greene | $1,000 | W2 |
| 270 days after the Reopening | Nubia Tate | $1,000 | W2 |



## Exhibit C

In consideration for the money owed to me by Defendants, GRK Fresh Holdings LLC; GRK PAS LLC; GRK 8th Street LLC; Fulton Quality Foods LLC; and GRK 451 Lexington Ave LLC (collectively, "Defendants") pursuant to *EEOC v. GRK Fresh Holding LLC et al.*, No. 1:19-cv-04614 (S.D.N.Y.), I hereby waive my right to recover for any sex-based hostile work environment claims (including for sexual harassment and constructive discharge) under Title VII of the Civil Rights Act of 1964 that arose prior to the date on which I sign this Release and were included in EEOC's complaint in *EEOC v. GRK Fresh Holding LLC et al.*, No. 1:19-cv-04614 (S.D.N.Y.)

_____
Signature

_____
Printed Name

_____
Date